### No. 9816.

### THE BOARD OF LIQUIDATION VS. THE NEW ORLEANS WATERWORKS COMPANY.

In an action for the transfer of stock and the payment of dividends, brought against the stockholder in whose name the shares stand, and against the corporation, the latter has no interest at stake, and has no right to prosecute an appeal from a judgment rendered contradictorily with both parties defendant, in favor of plaintiff, where the real party in interest—the stockholder—has not appealed, and the judgment has become final and executory.

In such a case the Court, *proprio motu*, will dismiss the appeal.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*Henry C. Miller* for Plaintiff and Appellee.

*J. R. Beckwith* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.  This is an action for three thousand shares of the capital stock of the Waterworks company, and of the dividends declared thereon, under allottment of same to the city by the charter of the company.

Both the city and the company were cited and answered.

The city filed a general denial, while the company urged that the board has no authority to claim the stock and dividends, and that the same are to be affected to a special trust, etc.

There was judgment in favor of plaintiff.  From this judgment the city does not appeal.  It is brought up for review by the Waterworks company only.

The judgment against the city has become final and executory.

In this matter the Waterworks company is a mere stockholder and has no interest to attack the correctness of the judgment, where the city, to whom the stock and dividend belong, does not.

Undoubtedly a stock corporation has the right to require the transfer of its stock to be made by the party in whose name it stands, or by his authority. This right it has to protect itself from the injury which it might be subjected to, in case the transfer was unwarranted. The company, in an action against it for such transfer, would have a right to ask that the stockholder be made a party; but this is unnecessary in the present case, in which the city and the company were both cited and joined issue, and where the judgment was contradictorliy rendered.

We therefore conclude that the company, under the circumstances,— the city, the real party concerned, not having appealed, and the judgment in favor of plaintiff having become executory,—has no interest in the controversy, and that, by making the transfer and payment decreed by the judgment appealed from, the company is fully protected. State ex rel. Plaisent vs. Railroad Company, 38 Ann. 312.

It is therefore ordered, *proprio motu*, that the appeal in this case be dismissed at appellant's cost.